WALTZER, Judge.
This is an appeal from a September 30, 1992 judgment of the Civil District Court, Parish of Orleans, the Honorable Richard Ganucheau presiding, granting defendant’s motion of lis pendens and dismissing plaintiff’s suit. From the judgment, plaintiff appeals.
Code of Civil Procedure Article 531 provides:
“When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
On November 5, 1990 a petition entitled “June B. Lailhengue, et al v. Mobil Oil Company, et al” and seeking damages solely for St. Bernard parish residents was filed in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, seeking class certification and damages arising out of a November 4-5, 1990 hydrocracker explosion and fire at the Mobil Oil Company Refinery in Chalmette.
On November 6, 1990, defendants moved to have the St. Bernard resident case removed to the United States District Court for the Eastern District of Louisiana, which motion was granted.
On December 5, 1990, a class action petition entitled “Mr. & Mrs. Adam Thomas, Anna Perkins, Mr. & Mrs. Willie Cromedy *900 and others v. Mobil Oil Corp., Calciner Industries and Murphy Oil Co., USA, Inc.” was filed on behalf of residents of Orleans Parish, specifically Algiers, in the Thirty-Fourth Judicial District, seeking damages for general pollution generated from the Mobil Refinery, a Murphy Oil Co. refinery and a plant operated by Calciner Industries. The general pollution claim was unrelated to the November 4-5 hydrocracker explosion, but the petition also contained a claim for damages suffered as a result of the November 4-5 explosion. Upon motion by defendants, the Thomas suit was removed to federal court and consolidated with the Lailhengue suit.
On November 4, 1991 while pending in federal court the Lailhengue suit was amended to assert a claim on behalf of Orleans Parish residents.
On March 11, 1991 a class action on behalf of Orleans and St. Bernard Parish residents entitled “Sherwood v. Lawrence Hess, R.V. Pisarczyk, ABC Insurance Company, and Mobil Oil” was filed in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, seeking damages for the November 4-5 explosion. The Sherwood suit was removed to federal court.
In the meantime, the consolidated Lai-lhegue/Thomas plaintiffs and Mobil agreed to amend plaintiffs’ suit such that the explosion claim would remain in federal court and the pollution claim would be remanded to the Civil District Court for the Parish of Orleans.
On May 8, 1991, the instant Orleans residents class action suit entitled “Anna Perkins, Mr. & Mrs. Adam Thomas, Sr. Mr. & Mrs. Willie Cromedy and others v. Mobil Oil Corporation and Richard Pizarczyk” was filed in the Civil District Court for the Parish of Orleans. Upon motion of defendants, the Perkins suit was removed to federal court and consolidated with the Lailhengue/Thomas/Sherwood consolidated suits.
At this point, diversity jurisdiction had been destroyed in federal court and the federal court ordered all of the suits returned to the state courts from which they had been removed. Thus the Lailhengue suit, the Thomas suit and the Sherwood suit were all returned to St. Bernard and the Perkins case was returned to Orleans.
On September 1, 1992 defendants in the Perkins case filed an Exception of Lis Pen-dens seeking dismissal of the Perkins action under C.C.P. Art. 531 arguing that the plaintiffs in the Perkins case and in the Lailhengue case were the same parties. Plaintiffs argued that the exception is premature because no class has been certified for the residents of Algiers or for that matter for the residents of St. Bernard either. The trial court granted the exception of lis pendens and plaintiffs appealed.
Defendants argue that plaintiffs will not be prejudiced by dismissal of their suit. They further argue that the plaintiffs in the Lailhengue suit and the plaintiffs in the Perkins suit are the “same parties” because the named plaintiffs in the Lail-hengue suit are “representatives of the class” thus they represent all of the plaintiffs in all of the other suits.
Plaintiffs' concern is that through procedural manipulation his clients’ case will be dismissed and then they will be denied recourse in another court, leaving them entirely without a forum.
It is now 1993. The first suit was filed in 1990. In three years neither the St. Bernard court, nor the federal court, nor the Orleans Parish court has ever certified a class. Plaintiffs’ argument that the named plaintiffs in Lailhengue are not the same parties as the plaintiffs in Perkins is correct because no court has approved the named plaintiffs in Lailhengue as representatives of the class. No court has made that determination, because that determination is not made until after certification of a class and in the past three years, no court has certified a class.
Whether plaintiffs will ultimately win or lose on the merits is of no moment to this court, but plaintiffs do have a right to be heard at some time in some court somewhere. Accordingly, we will grant a stay order in this case pending a final judgment by the St. Bernard court on the issue of *901 class certification of an Orleans Parish class. When the St. Bernard court has made such a determination, then we will dispose of this matter as the panel deems appropriate.
For the reasons discussed, the order of the trial court granting the exception of lis pendens is reversed. In addition, all proceedings in this matter are stayed pending a final judgment by the St. Bernard Court on the issue of class certification of an Orleans Parish class.

ORDER GRANTING THE EXCEPTION OF LIS PENDENS REVERSED, STAY ORDER GRANTED.